IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Richard Arjun Kaul, M.D., Jane Doe, and John Doe, | ) ) ) |
| Plaintiffs, | ) **ORDER FINDING MOOT** |
| | ) ***IN FORMA PAUPERIS* AND** |
| v. | ) **DISMISSING CASE WITH** |
| | ) **PREJUDICE** |
| James Paul Oetken, New York State Attorney Grievance Committee, North Dakota Medical Board, Jane Doe, and John Doe, | ) ) ) ) Case No.: 1:25-cv-00147 |
| Defendants. | ) ) |

Plaintiff Richard Arjun Kaul ("Plaintiff") initiated the above-captioned matter on June 16, 2025, with the submission of a motion for leave to proceed *in forma pauperis* and a slew of assorted documents. (Doc. No. 1). Therein, Plaintiff asserted claims against Defendants James Paul Oetken, New York State Attorney Grievance Committee, North Dakota Medical Board, Jane Doe, and John Doe (collectively "Defendants") as related to an alleged "revocation-cover-up-conspiracy" involving the revocation of his medical license in 2014 by the New Jersey Board of Medical Examiners. For the reasons that follow, Defendant's application to proceed *in forma pauperis* is deemed moot and this action dismissed with prejudice.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize commencement of a suit without prepayment of fees by a person submitting a financial affidavit showing an inability to pay. *See* 28 U.S.C. § 1915(a)(1).

Notwithstanding a filing fee, 28 U.S.C. § 1915(e)(2) provides "that the court shall dismiss the case at any time if the court determines that … the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." This § 1915(e)(2) screening, and the authority to dismiss claims arising thereunder, includes non-prisoner pro se complaints. *Key v. Does*, 217 F.Supp.3d 1006, 1007 (W.D. Ark. 2016). With regard to frivolousness under § 1915(e)(2)(1), "the Supreme Court explained than an action is frivolous if 'it lacks an arguable basis either in law or in fact.'" *Aziz v. Burrows*, 976 F.2d 1158, 1159 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right." *Williamson v. Corizon, Inc.*, No. 1:15CV220, 2016 WL 59339892 at 81 (E.D. Mo. October 12, 2016). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-84 (2009).

Plaintiff is a serial litigator with a history of filing frivolous lawsuits throughout the United States.[1] *See Kaul v. Intercontinental Exch.*, No. 21-CV-6992 (JPO), 2022 WL 4133427, at *1-2 (S.D.N.Y. Sept. 12, 2022) (collecting cases). "This case is another chapter in a long saga of repetitive, frivolous lawsuits [*pro se* Plaintiff Richard Arjun] Kaul has brought against numerous defendants regarding revocation of his license to practice medicine." *Id.* at *1 (quoting *Kaul v. Fed'n of State Med. Boards, et al.*, 4:21-CV-00057-O-BP, 2021 WL 6550884, at *1 (N.D. Tex. Sept. 17, 2021), *report and recommendation adopted*, *Kaul v. Fed'n of State Med. Boards, et al.*, No. 4:21-CV-00057-O-BP, 2022 WL 171294, at *1 (N.D. Tex. Jan. 19, 2022)). In fact, the Southern District of New York has issued a filing injunction against Plaintiff.

> From the date of this Opinion and Order, Plaintiff Kaul is barred form filing in any United States district court any action, motion, petition, complaint, or request for relief against any of the Defendants named in this litigation that relates to or arises from (i) the denial of his medical licenses; (ii) subsequent litigation proceedings

---

[1] Plaintiff is considered a frequent, vexatious litigant by the District of New Jersey. *See Kaul v. Murphy*, No. CV2113063FLWTJB, 2021 WL 3663873, at *1 (D.N.J. July 9, 2021).

      initiated by the Defendants here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court.

*Kaul v. Intercontinental Exch.*, No. 21-CV-6992 (JPO), 2022 WL 4133427, at *9 (S.D.N.Y. Sept. 12, 2022). If Plaintiff filed materials without first obtaining leave to file, any such request was to be denied for failure to comply, with Plaintiff subject to potential sanctions, including monetary penalties or contempt. *Id.*

      This is not a situation in which Plaintiff is attempting to file suit against the Defendants listed in *Kaul v. Intercontinental Exchange*. However, this matter directly pertains to the denial of his medical license and contains substantially similar facts. It is also notable that while Plaintiff did not name the Defendants in *Kaul v. Intercontinental Exchange* as Defendants in the above-captioned action, he continues to reference them and refer to them as Defendants throughout his documents. (*See* Doc. No. 1-1 at 31, 34). Plaintiff also continues to list these individuals as co-conspirators. (See Doc. No. 1-1 at 45, 49). Accordingly, this court is not inclined to permit Plaintiff to circumvent the filing injunction by cherry picking Defendants that fall outside the Southern District of New York's court order, but allow Plaintiff to continue to reference them as Defendants and/or co-conspirators in order to proceed with substantially the same claims in another district.

      The court further finds this action is frivolous and fails to state a plausible claim for relief on its face. While the court must accept as true Plaintiff's factual allegations and make reasonable inferences in Plaintiff's favor, the court is not required to supply additional facts or construct a legal theory for Plaintiff. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). While *pro se* complaints must be liberally construed, dismissal is proper where it is obvious a plaintiff cannot prevail on the facts alleged and it would be futile to provide an opportunity to amend. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). As to frivolity, the

United States Supreme Court has noted, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,'… a category encompassing allegations that are 'fanciful,' … 'fantastic,' … and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations omitted). Factual frivolousness is appropriate when the alleged facts rise to the level of irrational or wholly incredible. *Id.* at 33.

Here, the proposed Complaint is neither short nor plain, but instead is confusing, vague, and unintelligible to the point it is difficult to ascertain the relief Plaintiff requests from each of the Defendants. The alleged facts also appear to be baseless or delusional, with Plaintiff depending on far-fetched claims and numerous difficult-to-follow references to other litigation and related documents he is or has been involved in.

Moreover, even if this matter were permitted to proceed, this district is not the proper venue. At most, venue may be proper for the North Dakota Medical Board. Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) the judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. Here, it is not clear whether Plaintiff was intending to file this action in the District of North Dakota or whether his references to the "Southern District of Dakota" and "Dakota" generally were scrivener's errors. Notably, Plaintiff does not seem aware that the District of North Dakota is in the Eight Circuit, not the Fifth Circuit as he alleges confers him the right to sue in this district. Even so, venue is not proper in this Court under § 1391(b) for all Defendants other than the North Dakota Medical Board. The remaining Defendants do not reside in North Dakota, there is no allegation that a substantial

part of the events or omissions giving rise to his claims occurred in North Dakota. Finally, there are not sufficient facts alleged to support this court's exercise of personal jurisdiction over the remaining Defendants. Due process requires a defendant have "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Neither Plaintiff nor any of the Defendants, barring the North Dakota Medical Board, reside in or have any connection to North Dakota.[2]

Accordingly, Defendant's application to proceed in forma pauperis (Doc. No. 1) is deemed **MOOT** and this action dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2025.

>           */s/ Clare R. Hochhalter*
>           Clare R. Hochhalter, Magistrate Judge
>           United States District Court

---

[2] Plaintiff argues the following in part as to jurisdiction and venue: "2. The Court has personal jurisdiction over Defendants Oetken/NDMB/NYS AGC as they had transacted business, maintained substantial contacts through the Federal Judges Association, and/or committed acts in furtherance of the illegal scheme and conspiracy throughout the United States, including this district. 3. Additionally, the Defendant's RICO violations/offenses/crimes have caused and continue to cause injury to Plaintiff Kaul's life/liberty/property in every state in the United States including the State of North Dakota. 4. Defendants scheme and conspiracy have been directed at and have had the intended effect of causing injury to persons residing in, located in, or doing business throughout the United States including the Southern District of Dakota. This Court also has personal jurisdiction over all Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would be subject to a court of general jurisdiction in Dakota." (Doc. No. 1-1 at 6-7).